## ATTACHMENT OF VESSEL.

RING *v.* GIBBS and others, 26 Wend. 502, 510.

Not reported in S. Ct.   Opinion of Cowen, J., given 26 Wend. 505.

*Attachment of Vessel; Bond under Statute to release.*

DEBT on bond in New York Common Pleas, the condition of which was, that if the said W. C. G. and C. V. S. K., (obligors and defendants below,) *should pay all such demands as shall be established to have been subsisting liens upon the vessel, &c., pursuant to the provisions of the eighth title, 8 Ch. third part of Rev. Stat.;* then the obligation was to be void; otherwise, &c.   The plaintiffs after setting out the bond and condition, aver that $269, for work and labor and material furnished the ship, was due to them at the execution of the bond, and was a subsisting lien on her, &c., and assign non-payment of it as a breach of the condition.   Defendant K., alone brought in, pleaded *non est factum.*   An *oyer* appeared upon the record, but oyer had not been craved, and was not enrolled.   The jury found the facts as alleged in the declaration, and assessed $269 damages.   On error to the Supreme Court, that court held that the condition of the bond "exacted too much from the defendants, as it *bound them to pay all subsisting liens indiscriminately;* whereas the statute with great propriety, ties up the condition to those *duly exhibited before the judicial officer;*" p. 506.   It is also held, in the opinion of the Supreme Court, that the declaration is bad, in not alleging a *request,* pursuant to the provisions of the 16th sect. of the statute.   The court reversed the judgment of the Common

Pleas, for these reasons; and now on writ of error to the Court of Errors, after the argument was closed,

The court held, that the *bond* was not a bond to the officer who had the warrant, taken *colore officii,* but to the parties who sued out the warrant; that the variance from the terms of the statute, in the condition, did not render the bond void, though broader than could have been required by the obligors, but the obligors could not now complain that they had bound themselves to do what had not been required of them. The defects in the declaration were held cured by the verdict, and the judgment of the Supreme Court was *reversed,* and that of the Common Pleas affirmed, by an unanimous vote, 22 being present.